Mr. Justice ThacheR
delivered the opinion of the court.
In this action of assumpsit against makers and indorsers of a promissory note, process was returned executed as to all the defendants but one, at the term to which the suit was instituted. An alias summons was issued to the next succeeding term, for the defendant remaining unserved, which was then returned executed. Upon the case being called for trial at this last term, the defendant summoned to appear at that term, prayed a continuance by virtue of the act of 1840, regulating the practice of the circuit court. The motion was overruled, and verdict and judgment were had against all the defendants.
This statute proceeds upon the supposition, that all the parties defendant are in court, and its design seems to be twofold. First, to separate in every case, by a lapse of one term, the determination of legal questions growing purely out of the pleadings, and the trial of such issues as require the intervention of a jury ; and secondly, to afford all parties, having then made up the issues on which the case is finally to be tried, the delay of a term to prepare for trial. In cases where all the defendants are *43 not served to the terra of the suit’s institution, the very objects of the statute, in using the phrases, “ the return term of the writ and the return term of the action,” show its meaning to point to that term wherein the writs in the action are all returned served, or at which all the parties have entered an appearance. The issues on which the case is finally to be put to a jury cannot be made up until all the parties defendant are in court, and the act provides, that when so made up, the cause shall stand for trial at the succeeding term. In this case, the action is joint, and one in which the defendants could not sever in their pleas to its merits, though each might have a distinct ground of defence, nor could any judgment be had until either all were served with process, or a dismissal entered as to any not served. Each defendant is therefore entitled to the postponement afforded by the statute to prepare a defence which, in his particular case, may differ from that of his co-defendants. We must consider this a personal privilege of each defendant, or limit the construction of the statute to a degree that will take from it its chief utility. The continuance in this case having been a matter of right by law, the court had no discretion over it, and erred in refusmg the application.
Judgment reversed, and a new trial awarded.